IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quentin Durant, | ) |
|                 Plaintiff, | ) C/A No. 4:10-1259-MBS |
| vs. | ) |
| | ) **O R D E R** |
| Simon Major, Director of SLRDC; | ) |
| D. Scott Cook, Dietician of SLRDC; | ) |
| in their individual and personal capacities, | ) |
|                 Defendants. | ) |

At the time of the underlying events, Plaintiff Quentin Durant was a detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina. Plaintiff, proceeding pro se, filed a complaint on May 18, 2010, asserting that his constitutional rights had been violated in various respects. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. By order filed July 30, 2010, the Magistrate Judge directed Plaintiff to notify the Office of the Clerk of Court in writing of any change of address. ECF No. 12. On September 28, 2010, Defendants filed a motion to dismiss. ECF No. 23. Defendants noted that mail forwarded to Plaintiff by the court on September 21, 2010 had been returned to the Office of the Clerk of Court marked "RETURN TO SENDER - REFUSED - UNABLE TO FORWARD." ECF No. 22. Therefore, Defendants moved to dismiss for lack of prosecution. See Fed. R. Civ. P. 41(b). By order filed September 28, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. The envelope containing

Plaintiff's copy of the Roseboro order was returned to the Clerk's Office marked "RETURN TO SENDER." ECF No. 26.

On November 2, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motion to dismiss be granted and that Plaintiff's complaint be dismissed with prejudice pursuant to Rule 41(b). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to

prosecute.

**IT IS SO ORDERED**.

                                            /s/ Margaret B. Seymour
                                            United States District Judge

Columbia, South Carolina

November 15, 2010.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**